UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MAURICE RANDALL,

Plaintiff,

v.

UNKNOWN ERNER et al.,

Defendants.

Case No. 2:26-cv-11

Honorable Jane M. Beckering

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court will grant Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will partially dismiss Plaintiff's complaint for failure to state a claim for the reasons detailed below.

**Discussion**

## I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan. The

events about which he complains occurred at that facility. Plaintiff sues the following URF staff: Sergeant Unknown Erner and Unknown Party, named as "Et. Al, Corrections Officer" in the complaint. (Compl., ECF No. 1, PageID.2.)

In Plaintiff's complaint, he alleges he was placed on suicide watch on April 23, 2025. (Compl., ECF No. 1, PageID.3.) Plaintiff was removed from his cell because he "collapsed from not eating or drinking" and was "fully restrained, [with] handcuffs and leg shackles."[1] (*Id.*) Then, Plaintiff was "strapped [and] connected to this [restraint] chair . . . and then transported to another unit." (*Id.*) Plaintiff alleges that when he arrived in the new unit, "shields were pressed down on [him] by multiple officers and [Defendant] Erner tased [him] while [he] was still fully restrained in [his] right shoulder without warning." (*Id.*) Plaintiff alleges that the use of force was "caused by persons [and] Defendants included in this complaint . . . [and] Defendants' actions were meant to maliciously harm [him]." (*Id.*, PageID.3.)

With respect to Defendants, the Court construes Plaintiff's complaint to raise Eighth Amendment excessive force claims against them.[2] Plaintiff seeks injunctive and declaratory relief, as well as monetary damages. (*Id.*, PageID.5.)

---

[1] In this Opinion, the Court corrects the punctuation in quotations from Plaintiff's filings.

[2] The Court construes Plaintiff's complaint to raise only Eighth Amendment excessive force claims against Defendants Erner and Defendant Unknown Party. The Court notes that later in his complaint, Plaintiff presents allegations regarding the actions of an unnamed grievance coordinator and two named non-party URF staff. (Compl., ECF No. 1, PageID.3–4.) When describing the claims that he brings against these non-parties, Plaintiff lists the Fourteenth Amendment, referencing "due process" and "equal protection." (*Id.*, PageID.4.) Based on how Plaintiff has presented his claims, it is clear that he intended to bring his Fourteenth Amendment claims against these non-parties, not Defendant Erner and Defendant Unknown Party. Plaintiff's complaint further contains an allegation regarding medical treatment from non-parties, only identified as "health care" and "mental health." (*Id.*) Federal Rule of Civil Procedure 10(a) requires that a plaintiff "name all of the parties" in "[t]he title of the complaint." Fed. R. Civ. P. 10(a). Further, this Court has previously concluded that "[o]nly those individuals and entities identified in the caption of the complaint are properly considered defendants in an action, regardless of the complaint's other contents or allegations." *Jones v. Smith*, No. 1:10-cv-568, 2012 WL 726665,

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

---

at *1 (W.D. Mich. Feb. 1, 2012), *R & R adopted*, 2012 WL 726621 (W.D. Mich. Mar. 6, 2012); *see also Brown v. Mich. Dep't of Corr.*, No. 1:22-cv-16, 2022 WL 2900888, at *1 n.2 (W.D. Mich. Jul. 22, 2022) (concluding that corrections officers identified as defendants in a particular count of the complaint, but not named in the caption or in the form complaint "list of parties" were not parties to the action). Accordingly, to the extent that Plaintiff intended to bring any claims against these non-parties, including Plaintiff's noted Fourteenth Amendment claims, such claims would be subject to dismissal in this action for failure to state a claim upon which relief may be granted.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

## III. Discussion

### A. Defendant Unknown Party

Plaintiff's complaint lists Defendant Unknown Party as a Defendant in this action, named as "Et. Al, Corrections Officer" in the complaint. (Compl., ECF No. 1, PageID.2.)

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–61 (2007) (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights).

As an initial matter, Plaintiff does not name or describe Defendant "Et. Al, Corrections Officer" in the body of his complaint. (*See generally* Compl., ECF No. 1.) Plaintiff's claims against this Defendant therefore fall far short of the minimal pleading standards under Rule 8 of

the Federal Rules of Civil Procedure and are subject to dismissal. Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

Furthermore, in the body of Plaintiff's complaint, Plaintiff's allegations refer to "multiple officers," with an additional reference to "persons / Defendants included in this complaint." (*See* Compl., ECF No. 1, PageID.3–4.) However, "[s]ummary reference to a single, five-headed 'Defendants' [or ] ['officers'] does not support a reasonable inference that each Defendant is liable . . . ." *Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Cir. 2019) (citing *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 564 (6th Cir. 2011)) ("This Court has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." (citation omitted)).

Accordingly, for these reasons, Plaintiff's complaint will be dismissed for failure to state a claim against Defendant Unknown Party.

**B. Eighth Amendment Excessive Force Claim Against Defendant Randall**

Plaintiff claims that Defendant Randall used excessive force against Plaintiff. (Compl., ECF No. 1, PageID.3.)

As relevant to excessive force claims, the Eighth Amendment prohibits conditions of confinement which, although not physically barbarous, "involve the unnecessary and wanton infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (quoting *Gregg v. Georgia*, 428 U.S. 153, 183 (1976)). Among unnecessary and wanton inflictions of pain are those that are "totally without penological justification." *Id.* However, not every shove or restraint gives rise to a constitutional violation. *Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986); *see also Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "On occasion, '[t]he maintenance of prison security and discipline may require that inmates be subjected to physical contact actionable as assault under

common law.'" *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014) (quoting *Combs v. Wilkinson*, 315 F.3d 548, 556 (6th Cir. 2002)). Prison officials nonetheless violate the Eighth Amendment when their "offending conduct reflects an unnecessary and wanton infliction of pain." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Pelfrey v. Chambers*, 43 F.3d 1034, 1037 (6th Cir. 1995)); *Bailey v. Golladay*, 421 F. App'x 579, 582 (6th Cir. 2011).

There is a subjective component and an objective component to Eighth Amendment claims. *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) (citing *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001)). First, "[t]he subjective component focuses on the state of mind of the prison officials." *Williams*, 631 F.3d at 383. Courts ask "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. Second, "[t]he objective component requires the pain inflicted to be 'sufficiently serious.'" *Williams*, 631 F.3d at 383 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). The objective component requires a "contextual" investigation that is "responsive to 'contemporary standards of decency.'" *Hudson*, 503 U.S. at 8 (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). Although the extent of a prisoner's injury may help determine the amount of force used by the prison official, it is not dispositive of whether an Eighth Amendment violation has occurred. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . [w]hether or not significant injury is evident." *Hudson*, 503 U.S. at 9.

Here, Plaintiff claims that Defendant Erner tased Plaintiff while Plaintiff was fully restrained in a restraint chair. (Compl., ECF No. 1, PageID.3.) At this early stage in the proceedings, the Court must take Plaintiff's factual allegations as true and in the light most

favorable to him. Therefore, at this time, the Court will not dismiss Plaintiff's Eighth Amendment excessive force claim against Defendant Erner.

## Conclusion

The Court will grant Plaintiff leave to proceed *in forma pauperis*. Further, having conducted the review required by the PLRA, the Court determines that Defendant Unknown Party will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's Eighth Amendment excessive force claim against Defendant Erner remains in the case.

An Order consistent with this Opinion will be entered.

Dated: August 10, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge